

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# Shernoff v. Hewlett Packard Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Shernoff v. Hewlett Packard Co" (2008). *2008 Decisions.* Paper 111.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/111

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-5215 and 08-1404

———————

MIA SHERNOFF,
                              Appellant

v.

HEWLETT PACKARD COMPANY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 04-cv-04390)
District Judge:  The Honorable Joel A. Pisano

———————

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2008

———————

Before:  BARRY, CHAGARES, Circuit Judges, and COHILL,[*] District Judge

(Filed: December 15, 2008 )

———————

OPINION

———————

BARRY, Circuit Judge

     Mia Shernoff appeals the judgment entered by the United States District Court for

the District of New Jersey on December 4, 2006.  Upon the Report and Recommendation

_____

[*]  Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western
District of Pennsylvania, sitting by designation.

of the Magistrate Judge, the Court granted defendant Hewlett Packard's ("HP") motion to enforce the non-economic terms of a settlement reached at the parties' conference before the Magistrate Judge on April 21, 2005, and denied Ms. Shernoff's cross-motion to rescind that settlement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm.

## I.

We will assume the parties' familiarity with the underlying facts and procedural history, and so will not recount them here.

The primary issue for our consideration is whether the District Court erred in enforcing the non-economic terms of an oral settlement agreement that had not yet been reduced to writing. Where, as here, there has been an evidentiary hearing and explicit findings of fact have been made, we review the decision to enforce a settlement agreement for clear error. *See Tiernan v. Devoe,* 923 F.2d 1024, 1031-32 n.5 (3d Cir. 1991).

Having considered the briefs and appendices, including the transcript of the evidentiary hearing held on July 27, 2005, we find no basis to upset the findings of fact and conclusions of law of the Magistrate Judge, which the District Court adopted as its own in a thorough, well-reasoned opinion. Anna Stathis, Esq., who represented Ms. Shernoff as local counsel at the settlement conference, testified that the parties had reached a settlement "subject to looking at the final details." (A. 71; *see also* A. 61-62,

2

69-70.)  Ms. Shernoff testified that she understood that the settlement was contingent on her agreement to certain non-economic terms, including the "no re-employment" provision challenged here. (A. 50-51.)  Thus, although the parties did not finalize every last detail of their agreement, the record contains ample evidence of mutual assent as to its core terms.[2]  Accordingly, we conclude that the District Court did not err in enforcing the settlement.[3]

## II.

We will affirm the judgment of the District Court.

---

[2]  We reach our decision mindful of New Jersey's strong public policy in favor of settlement. *See Puder v. Buechel*, 183 N.J. 428, 437-39, 874 A.2d 534 (2005).

[3]  Ms. Shernoff also appeals the District Court's order of January 9, 2008 denying her Fed. R. Civ. P. 60(b) motion for relief from its prior order.  The two appeals have been consolidated.  Given our disposition of the first appeal, we also will affirm the District Court's denial of Ms. Shernoff's Rule 60(b) motion, which was predicated on supposed "admissions" by HP in its brief in the first appeal.